

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*          *(503) 727-1000*
*Portland, Oregon 97204-2902*      *Fax: (503) 727-1117*

September 3, 2012

Ernest Warren, Jr.
Warren & Sugarman
838 S.W. First Avenue
Suite 500
Portland, OR 97204

Re:   *United States v. Jose Texco Hillario*
         Case No. 3:10-cr-00510-JO-2

Dear Mr. Warren:

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**:  Defendant agrees to plead guilty to count one charged in the Superseding Indictment filed in this case, which charges the crime of Conspiracy to Distribute and Possess with Intent to Distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C) and 846.

3.      **Penalties**: The maximum sentence on count one is not less than ten years imprisonment and not more than life imprisonment, a fine of $4,000,000, at least 5 years of supervised release, and a $100 fee assessment.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases. Defendant further stipulates to the forfeiture of the assets as set forth below.

4.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable

advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.    **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1 (a) is between 500 g and 1.5 kg of actual methamphetamine for a **Base Offense Level of 36**.

7.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for [his/her] unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.    **Low End Range**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

9.    **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

10.    **"Safety Valve" Adjustment**: If defendant meets the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(11).

11.    **Additional Departures, Adjustments, or Variances**:


        A.    Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

        B.    Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if [he/she] fails to comply with this notice requirement, [he/she] will not oppose a government motion for a postponement of the sentencing hearing.

12.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court

arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.    **Forfeiture Terms**:

   **A. Assets and Authority:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to a money judgment in the amount of $150,000, pursuant to 21 U.S.C. § 853, which defendant admits represents proceeds of defendant's criminal activity set forth in Count One of the Superseding Indictment. This money judgment is joint and several with co-defendant Moises Lopez-Prado only in the event Moises Lopez-Prado is convicted of Count One of the Superseding Indictment and found liable for an amount equal to or greater then $150,000.00. Also, by signing this agreement, defendant knowingly andvoluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, assets which defendant admits constitute the proceeds of or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. §§ 841 and 846 as set forth in Count One of the Superseding Indictment. This includes the following assets listed in the Bill of Particulars, but is not limited to:

   (1) $25,000.00 in United States Currency

   **B. Agreement to Civil Forfeiture:** Defendant agrees not to file a claim, and will withdraw any claim already filed, to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in

filing a claim in any forfeiture proceeding. Defendant agrees to the administrative forfeiture of the following assets:

(1) $25,000.00 in United States Currency;
(2) One Men's White Gold 18kt Gold and Diamond Rolex Watch.

**C. No Alteration or Satisfaction:** Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.  Defendant also agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of the defendant's sentence.

**D. Assets Not Identified:** The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

## 17.    Financial Disclosures:

**A. Financial Statement**: The defendant agrees to truthfully complete a financial statement form provided by the United States Attorney's Office, Financial Litigation Unit. The defendant shall date said form and sign it under penalty of perjury, thereby acknowledging that the defendant's financial statement fully and completely discloses the defendant's financial condition, and fully and completely discloses all assets owned or held directly or indirectly, individually or jointly by the defendant, or in which the defendant has any legal interest, regardless of title, including any interest held or owned under any other name including trusts, partnerships or corporations, as of the date the financial statement is signed. The defendant shall update the financial statement with any material changes to the defendant's financial condition. The defendant shall provide his signed and dated financial statement within 30 days of the defendant's signature on this plea agreement and any updates within seven days of the event changing the defendant's financial condition. The defendant understands and agrees that the defendant's financial statement will be used for the collection of any fine or restitution ordered by the Court, and for the identification of property subject to forfeiture. The parties agree that the defendant's failure to timely and accurately complete and sign a financial statement, and any update thereto may, in addition to any other penalty or remedy authorized by law, constitute the defendant's failure to accept responsibility under U.S.S.O §3El.l.

**B. Transfers:** Financial disclosures by the defendant shall also identify all assets held individually or jointly, directly or indirectly, valued at more than $1,000 which have been transferred to third parties since the date which is 60 days prior to the date of indictment or information, including the location of the assets and the identity of the third parties holding such assets, including third party trusts, partnerships and/or corporations. For transfers in excess of

$50,000, defendant agrees to identify all such transfers of assets held individually or jointly, directly or indirectly, which have occurred since the date which is one year prior to the date of indictment or information. The defendant agrees that the defendant will notify the Financial Litigation Unit of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any other name, including trusts, partnerships and/or corporations.

**C. Examination and Credit Reports:** The defendant expressly authorizes the Financial Litigation Unit of the United States Attorney's Office to obtain credit reports as the Unit, in its discretion deems necessary, on defendant to verify the validity of the financial information provided. Such authorization shall be effective on the date this agreement is signed by defendant.

**D. Treasury Offset Program:** Defendant understands and agrees that, upon sentencing, the United States may place defendant into the Treasury Offset Program, which entitles the Unites States to offset the restitution to be ordered in this case with funds otherwise payable to defendant from federal agencies, such as the Social Security Administration and the Department of the Treasury. Defendant agrees that he shall remain in the Treasury Offset Program so long as he has an outstanding financial obligation arising from the conviction on these pending charges.

**E. Waivers and Releases:** Upon filing of this plea agreement, defendant agrees to provide to the United States Attorney's office signed privacy waivers, consents and releases allowing the Financial Litigation Unit of the United States Attorney's Office access to any and all records to include but not limited to income tax returns and tax records, bank accounts, credit cards, insurance and all investment or retirement accounts.

**F. Probation and Pretrial Services Information:** By this agreement the defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information provided by the defendant to the United States Probation Office, and United States Pretrial Services, including any financial affidavit or financial statement completed by defendant.

**G. Life of Agreement:** The defendant understands and agrees that the financial reporting obligation agreed to herein will be in effect through any period of probation or supervised release, and shall continue until such time as any fine or restitution ordered by the Court is paid in full.

**H. No Limitation on Collections:** Defendant agrees that if the Court imposes a schedule of payments, defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

18.    **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this

offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.     **Deadline**:  This plea offer expires if not accepted by October 1, 2012, at 5:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

THOMAS H. EDMONDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

09-13-12
Date                                                    Jose Texco Hillario,  Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

13 Sept. 2012
Date                                                    Ernest Warrne, Jr. Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

091312
Date                                                    Interpreter