S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**THOMAS H. EDMONDS, OSB #90255**
Assistant United States Attorney
Tom.Edmonds@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1105
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:10-CR-00510-JO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JOSE TEXCO HILLARIO,** | |
| Defendant. | Sentencing: May 28, 2013<br>1:30 p.m. |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Assistant United States Attorney Thomas H. Edmonds, submits the following memorandum in support of the government's position on sentencing.

## CASE STATUS

On October 29, 2012, defendant pleaded guilty to Count 1 of a Superseding Indictment, which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (50 grams or more of actual and 500 grams or more of mixture) and Cocaine.

The parties executed a plea agreement with the court.  The salient points of that agreement with regard to sentencing are as follows:

- The parties agree that defendant's relevant conduct pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1 (a) is between 500 g and 1.5 kg of actual methamphetamine for a **Base Offense Level of 36**.

- The parties agreed that, if defendant meets the criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, they will recommend a two-level reduction.

- Defendant has agreed to a standard appellate and post-conviction relief waiver in this case.

- Defendant knowingly and voluntarily agreed to forfeit all right, title, and interest in and to a money judgment in the amount of $150,000, pursuant to 21 U.S.C. § 853, which defendant admits represents proceeds of defendant's criminal activity set forth in count one of the superseding indictment.

- Defendant agreed to forfeit all right, title and interest to assets, which defendant admitted constituted proceeds of criminal activity, not limited to $25,000 in U.S. Currency and One Men's White Gold 18kt Gold and Diamond Rolex Watch.

The court ordered a pre-sentence report (PSR) and sentencing is now scheduled for May 28, 2013, at 1:30 p.m.

## SENTENCING

### I.   The Advisory Sentencing Guidelines

The parties and the court are in receipt of the PSR. Both parties agree with the calculations contained in the PSR, and there are no disputed issues with the advisory guidelines. Defendant's Base Offense Level, pursuant to USSG § 2D1.1 (a) (5), is 36, because defendant is held accountable for between 500 grams and 1.5 kilograms of actual methamphetamine. *See* PSR, at paragraph 42. The PSR finds that defendant is eligible for safety valve, resulting in a two-level reduction. *Id.* at paragraph 43. The PSR finds that this case does not merit any role adjustment for this defendant. *Id.* at paragraph 45. The government will recommend a three-level reduction for acceptance of responsibility. **The Total Offense Level (TOL) will be 31.**

**Government's Sentencing Memorandum**                                                      **Page 2**

Defendant has no prior criminal convictions.  *See* PSR at paragraphs 52-53.  Defendant's **Criminal History Category is I.**

The conjunction of TOL 31 and Criminal History Category I provides for a range of 108-135 months' imprisonment.

## II.    Facts Relating to Sentencing

This defendant worked steadily for co-defendant Moises Lopez-Prado and served as a courier of 881.83 grams (528 grams actual) of methamphetamine and 495.66 grams of cocaine in a drug transaction that took place in Clackamas County, Oregon on November 17, 2010.  He and co-defendant, Alejandro Arroyo-Lopez, delivered those drugs to Jeffrey Preciado, charged in a separate indictment, on that date, when Preciado had ordered the drugs from his supplier, Moises Lopez-Prado.  Lopez-Prado had dispatched defendant and Arroyo-Lopez to deliver the drugs to Preciado's rural ranch location.  Preciado had, at that point, already agreed to turn those drugs around and sell them to an undercover officer (UC).  Before that day, Preciado had sold drugs ten separate times to the UC over the course of roughly five months.  Police surveillance observed defendant and Arroyo-Lopez arrive at the ranch on November 17; officers then stopped Preciado and seized the afore-mentioned quantities of drugs before the UC sale was consummated.  Preciado identified defendant and Arroyo-Lopez as the two who had brought him the drugs.  Agents, through phone toll records, identified significant phone traffic that occurred between the separate and various phones held by this defendant, Preciado, Arroyo-Lopez, and Lopez-Prado on November 16 and 17, leading up to the delivery.  This defendant and Arroyo-Lopez, who both returned to the ranch expecting to receive the money owed for the drugs from Preciado, were stopped and arrested after they had left, when Preciado never returned due to his arrest.  The car occupied by this defendant and Arroyo-Lopez was found to contain a specially

**Government's Sentencing Memorandum**                                                                                              **Page 3**

designed "trap," for storing drugs, after a drug dog alerted on that area of the car. The "trap" was opened and closed with an electronically activated switch. Preciado told agents that Texco-Hillario had carried the drugs from their car to the ranch building where they met.

### III.    Government's Recommendation

The government hereby recommends a sentence of 70 months' imprisonment, to be followed by a period of 3 years of supervised release, and the imposition of the $100 assessment. Under the factors set forth in 18 U.S.C. § 3553(a), a sentence of 70 months is sufficient and reasonable. This sentence addresses the seriousness of the offense, affords adequate deterrence and protects the public from further crimes of the defendant.

### IV.    Counts for Dismissal

At the time of sentencing, the government will move to dismiss counts 2 and 3 of the superseding indictment as they relate to this defendant.

### V.    Forfeiture

Defendant agreed to forfeit all right, title and interest to assets, which defendant admitted constituted proceeds of criminal activity, not limited to $25,000 in U.S. Currency and One Men's White Gold 18kt Gold and Diamond Rolex Watch. Defendant also knowingly and voluntarily agreed to forfeit all right, title, and interest in and to a money judgment in the amount of $150,000, pursuant to 21 U.S.C. § 853, which defendant admits represents proceeds of defendant's criminal activity set forth in count one of the superseding indictment. The government filed a Preliminary Order of Forfeiture on November 15, 2012. CR 85. This court signed that Order on December 3, 2012. CR 128. The government respectfully requests the court make an oral pronouncement of the forfeiture during the sentencing hearing by stating, "The

defendant shall forfeit the proceeds listed in the Preliminary Order of Forfeiture filed on December 3, 2012." The government will submit a Final Order of Forfeiture at sentencing.

### VI. Appellate and Post-Conviction Waiver

Per the plea agreement, defendant has knowingly and voluntarily waived his right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Defendant also waived the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c) (2).

### CONCLUSION

Based on the foregoing, the government recommends a 70 month sentence of imprisonment, followed by 3 years' supervised release, imposition of the $100 assessment, and the forfeiture order discussed above.

Dated this 24th day of May 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

*s/ Thomas H. Edmonds*
THOMAS H. EDMONDS, OSB #90255
Assistant United States Attorney